(No. 81-CV-0672—▮▮▮▮▮▮▮)

*In re* APPLICATION OF JOYCE and MARY COWHERD.

*Opinion filed May 8, 1984.*

JOYCE COWHERD and MARY COWHERD, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim for compensation pursuant to the provisions of the Crime Victims Compensation Act. Ill. Rev. Stat., ch. 70, par. 71 *et seq.*

At the request of the Attorney General this claim was assigned to a commissioner for the taking of evidence.

On March 15, 1984, a hearing was held before Commissioner Robert E. Cronin where the following was established by a preponderance of evidence.

1. The decedent, Paul Stewart, was the victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 72(c)), to wit: murder (Ill. Rev. Stat. ch. 38, par. 9—1).

2. That the Claimants are Joyce Cowherd, mother of the deceased victim, Paul Stewart, and Mary Cowherd, step-grandmother of the deceased victim.

3. Claimants seek compensation for funeral expenses. They were not dependent upon the victim for support.

4. That the funeral and burial expenses incurred as a result of the victim's death were $1,090.00.

5. That the Claimants submitted conflicting evidence as to which of them paid the funeral expenses and in what amount.

6. That the Assistant Attorney General and Claimant Joyce Cowherd appeared at the hearing. Claimant Mary Cowherd failed to appear.

7. That Rule 26 of the Court of Claims provides that an action may be dismissed for want of prosecution when the claimant makes no attempt in good faith to proceed.

8. That the failure of Mary Cowherd to appear on March 15, 1984, and her previous failure to appear at a pre-trial scheduled in this cause for February 10, 1984, show that she has made no good faith attempt to proceed.

9. That the Claimant Mary Cowherd is ineligible for compensation for funeral expenses under the Act because she is not a relative of the victim as required by section 10.1(c) (Ill. Rev. Stat. ch. 70, par. 80.1(c)). Mary Cowherd is the step-grandmother of the deceased victim. Section 2(f) (Ill. Rev. Stat. ch. 70, par. 72(f)), states that "relative" means a spouse, parent, grandparent, stepfather, stepmother, child, grandchild, brother, brother-in-law, sister, sister-in-law, half brother, half sister, spouse's parent, nephew, niece, uncle or aunt. A step-grandmother is therefore not eligible for compensation.

10. That Claimant, Joyce Cowherd, under oath stated that after having obtained a funeral bill that had Mary Cowherd as payor, she deleted Mary Cowherd's name from the document, and then typed in her own name as the payor and then submitted the altered bill to the Attorney General as proof that she, and not Mary Cowherd, paid the funeral expenses.

11. That section 20(a) of the Act states that "a person who the Court of Claims finds has willfully misstated or omitted facts relevant to the determination

of whether compensation is due under this Act or of the amount of that compensation, shall be denied compensation under the Act". Ill. Rev. Stat. 1977, ch. 70, par. 90(a).

12. That Claimant Joyce Cowherd committed a willful misstatement in violation of section 20(a) of the Act when she submitted a false document to the Attorney General.

It is hereby ordered, that this claim for compensation be and is hereby denied.